IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO H. del BOSQUE and | § | |
| SARA S. del BOSQUE, | § | |
| | § | |
| Appellants/Debtors, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3141-K |
| | § | |
| NATIONSTAR MORTGAGE, LLC and | § | |
| WELLS FARGO BANK NA, | § | |
| | § | |
| Appellees/Creditors. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the bankruptcy court's order denying *pro se* Appellants' Motion to Revoke Order dated August 19, 2015.  The bankruptcy court construed the motion to revoke its previous order granting Appellees' motion to dismiss the case as a motion to reconsider under Federal Rule of Civil Procedure 60(b).  In his order denying Appellants' motion to reconsider, Untied States Bankruptcy Judge Harlin D. Hale concluded that *pro se* Appellants merely "raise[d] points previously raised in the pleadings or at hearing, which does not satisfy the standard to merit reconsideration" under Rule 60(b).  Furthermore, Judge Hale found that "the matter presented is not one for the bankruptcy court to resolve," because Appellants had been discharged, there was no longer a pending bankruptcy case, and

ORDER – PAGE 1

nothing in the record indicated the Appellees' actions violated the discharge injunction.

This Court reviews the bankruptcy court's denial of a Rule 60(b) motion under an abuse of discretion standard. *See In re Abby Lines Inc.*, 180 Fed.Appx. 524, 525 (5th Cir. 2006)(citing *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995)). "To satisfy this stringent standard, the bankruptcy court's denial of reconsideration 'must have been so unwarranted as to constitute an abuse of discretion.'" *Waite v. Cage*, Civ. Action No. H-11-1067, 2011 WL 2118803, at *2 (quoting *Abby Lines*, 180 Fed.Appx. at 526). After careful review of the bankruptcy court record, the briefs of the parties, and the applicable law, the Court concludes that the bankruptcy court did not abuse its discretion in denying Appellants' motion to reconsider. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)("Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). The Court will "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, [but] *pro se* parties must still brief the issues and reasonably comply with" the applicable rules. *Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011). Although Appellants clearly put forth much effort in drafting their filings, these documents are nevertheless very difficult to decipher. Liberally construing Appellants' brief and response, the Court concludes

ORDER – PAGE 2

Appellants merely rehash their same arguments presented to the bankruptcy court in previous pleadings or hearings, related mostly, if not entirely, to the claims in their complaint and the briefing and hearing on Appellees' motion to dismiss which was granted.  Appellants' appealed the bankruptcy court's order denying their motion to reconsider; they did not appeal the bankruptcy court's order which dismissed their case.  In the record before the Court, Appellants presented no evidence of mistake, fraud, newly discovered evidence, or other cause justifying relied under Rule 60(b). *See Templet*, 367 F.3d at 478 ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").  This Court concludes the bankruptcy court did not abuse its discretion in denying Appellants' motion to reconsider.  Accordingly, the Court AFFIRMS the bankruptcy court's order denying Appellants' motion to reconsider dated August 19, 2015.  The Clerk is hereby directed to "prepare, sign and enter the judgment" pursuant to Bankruptcy Rule 8016(a).

**SO ORDERED.**

Signed March 31st, 2016.

_Ed Kinkeade_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 3